# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MELVIN L. OLLISON, JR.**                                                                                           **PLAINTIFF**
**ADC #501200**

v.                              No: 4:24-cv-00526-BRW-PSH

**DARRYL JAMES, JR.,** *et al.*                                                                          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Melvin Ollison, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 20, 2024, while incarcerated at the Arkansas Division of Correction's East Arkansas Regional Unit (Doc. No. 2). Ollison was subsequently granted leave to proceed *in forma pauperis*. *See* Doc. No. 5. For the reasons stated herein,

Ollison's claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983.  Ollison alleges the following facts in his complaint.  On July 20, 2023, Lieutenant Darryl James and Sergeant Lewis assigned Ollison to a cell at the Cummins Unit with a light fixture that did not work.  Doc. No. 2 at 5.  Sergeant Tate and Corporal Huet escorted him to the cell and commented on the non-working light and how dark the cell was.  *Id.*  A few hours later, Captain Quintin D. Mixion and Corporal Fenisha Moton left Ollison's cell door after speaking to another inmate.  *Id.*  That inmate then attacked Ollison with a master lock and a long piece of metal that came from the light fixture.  *Id.*  Moton called for help, and she along with Lieutenant Corey Haynie and Corporal Fred Adams responded to the disturbance.  *Id.*  Moton and Adams then took Ollison to the infirmary.  *Id.* at 6.  Sergeant Latoya Trotter Woods, Tate, and Ashley King failed to properly process grievances Ollison wrote regarding the incident.  *Id.* at 7.

The Court construes Ollison's complaint as attempting to state an Eighth Amendment failure-to-protect claim.  To state an Eighth Amendment failure-to-protect claim, Ollison must describe sufficient facts to show that defendants were aware that a substantial risk of serious harm existed and were deliberately indifferent to that risk.  *See Jones v. Wallace*, 641 Fed. Appx. 665, 666 (8th Cir. 2016).

The Eighth Circuit Court of Appeals has recognized that prison officials are entitled to qualified immunity when an inmate is attacked by surprise.  *See Schoelch v. Mitchell*, 625 F.3d 1041, 1047-49 (8th Cir. 2010).  In his complaint, Ollison does

3

not assert any facts to show that the defendants were aware of a substantial risk of harm to him from the inmate who attacked him. He merely alleges that there was a non-working light fixture in his cell, that some defendants noticed it, and that others spoke to the inmate who attacked him before the attack.  He alleges no facts indicating that any defendant had any reason to believe he would be attacked. Ollison therefore fails to state sufficient facts to support an Eighth Amendment failure-to-protect claim.

Additionally, to the extent that Ollison complains that his grievances were not handled properly, he fails to state a constitutional claim.  Inmates do not have a constitutionally protected right to require prison officials to comply with internal rules or procedures.  *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).  *See also Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Any such claims should be dismissed for failure to state a claim upon which relief may be granted.

Finally, Ollison sues defendants for money damages in their official capacities only.  Doc. No. 2 at 1.  A suit against a defendant in his or her official capacity is in essence a suit against the State of Arkansas, and any such official capacity claim for monetary damages is barred by the doctrine of sovereign immunity.  *Will v.*

*Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989); *Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989). Ollison's claims are also subject to dismissal for this reason.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Ollison's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 21st day of August, 2024.

_____
UNITED STATES MAGISTRATE JUDGE